IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENNETH EARL GAY, ) | No. C 14-04088 EJD (PR) |
| Plaintiff, ) | ORDER OF DISMISSAL |
| v. ) | |
| STATE OF CALIFORNIA, et al., ) | |
| Defendants. ) | |

Plaintiff, a state prisoner at San Quentin State Prisoner, filed the instant civil rights action in pro se pursuant to 42 U.S.C. § 1983.[1] Plaintiff's motion for leave to proceed in forma pauperis will be granted in a separate written order.

## DISCUSSION

**A.  Standard of Review**

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a

---

[1] The matter was transferred to this Court from the United States District Court for the District of Columbia for lack of jurisdiction. (See Docket No. 5.)

governmental entity.  See 28 U.S.C. § 1915A(a).  In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief.  See id. § 1915A(b)(1),(2).  Pro se pleadings must, however, be liberally construed.  See Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law.  See West v. Atkins, 487 U.S. 42, 48 (1988).

**B.     Plaintiff's Claims**

Plaintiff identifies the State of California as the named defendant as "'All State Government Agents' act under color of authority vested by the sovereignty contained within State of California." (Compl. at 1.)  Plaintiff states that the matter should be served upon, but not limited to, Governor Edmund Jerry Brown and the Attorney General Kamala Harris. (Id.)  Plaintiff alleges that he is in custody for a capital case "in violation of the United States Constitution, Statutory Laws and Treaties of the United States." (Id. at 2.)  Plaintiff seeks declaratory and injunctive relief, as well as damages. (Id. at 56-58.)

The Eleventh Amendment bars from the federal courts suits against a state by its own citizens, citizens of another state or citizens or subjects of any foreign state. Atascadero State Hosp. v. Scanlon, 473 U.S. 234, 237-38 (1985); Alabama v. Pugh, 438 U.S. 781, 782 (1978); Edelman v. Jordan, 415 U.S. 651, 676-77 (1974).  "A state waives its Eleventh Amendment Immunity if it 'unequivocally evidence[s its] intention to subject itself to the jurisdiction of the federal court.'" Johnson v. Rancho Santiago Comm. Coll. Dist., 623 F.3d 1011, 1021 (9th Cir. 2010) (quoting Hill v. Blind Indus. & Servs. Of Md., 179 F.3d 754, 758 (9th Cir. 1999)).  Unless a state has waived its Eleventh Amendment immunity or Congress has overridden it, a state cannot be sued regardless of the relief sought. Kentucky v. Graham, 473 U.S. 159, 167 n.14 (1985) (citing Alabama v. Pugh,

1  438 U.S. 781 (1978)); Confederated Tribes & Bands v. Locke, 176 F.3d 467, 469 (9th
2  Cir. 1999).  Here, no such waiver is evident.  Accordingly, Plaintiff's civil action for
3  damages against the State of California and its agents must be DISMISSED as barred by
4  the Eleventh Amendment.

5  Furthermore, to the extent that Plaintiff is seeking equitable relief from his capital
6  sentence, habeas is the "exclusive remedy" for the prisoner who seeks "'immediate or
7  speedier release'" from confinement.  Skinner v. Switzer, 131 S. Ct. 1289, 1293 (2011)
8  (quoting Wilkinson v. Dotson, 544 U.S. 74, 82 (2005)); see Calderon v. Ashmus, 523
9  U.S. 740, 747 (1998); Edwards v. Balisok, 520 U.S. 641, 648 (1997); Preiser v.
10 Rodriguez, 411 U.S. 475, 500 (1973).  Challenges implicating the fact or duration of
11 confinement must be brought through a habeas petition.  Docken v. Chase, 393 F.3d
12 1024, 1026 (9th Cir. 2004).  A civil rights complaint seeking habeas relief should be
13 dismissed without prejudice to bringing it as a petition for writ of habeas corpus.  See
14 Trimble v. City of Santa Rosa, 49 F.3d 583, 586 (9th Cir. 1995).  Accordingly, this action
15 is DISMISSED without prejudice.

## CONCLUSION

For the foregoing reasons, the complaint is DISMISSED without prejudice to filing as a petition for writ of habeas corpus.  The Clerk shall enclose two copies of the court's form petition with a copy of this order to Plaintiff.

The Clerk shall terminate any pending motions and close the case.

DATED:   12/15/2014

*[signature]*
EDWARD J. DAVILA
United States District Judge

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

KENNETH EARL GAY,

        Plaintiff,

  v.

STATE OF CALIFORNIA, et al.,

        Defendants.
                                       /

Case Number: CV14-04088 EJD

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on 12/16/2014, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Kenneth Earl Gay D-15601
San Quentin State Prison
San Quentin, CA 94974

Dated: 12/16/2014

                                      Richard W. Wieking, Clerk
                                    /s/By: Elizabeth Garcia, Deputy Clerk